No. 48224.—Petition 6267–R of Quon Quon Co. (Los Angeles).

Opinion by CLINE, J. The petition was dismissed.

BEFORE THE FIRST DIVISION, APRIL 24, 1943

No. 48225.—Protest 76356–K of Pan Pacific Importers, Ltd. (Los Angeles).

WALKER, Judge: The merchandise the subject of this protest was classified by the collector of customs as baskets composed wholly or in chief value of bamboo and duty was assessed thereon at the rate of 50 percent ad valorem under the provision therefor in paragraph 411, Tariff Act of 1930. The protest claim is that the articles are entitled to classification under paragraph 1537 (a) of the same act, which reads as follows:

PAR. 1537. (a) Manufactures of bone, chip, grass, sea grass, horn, quills, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for, 25 per centum ad valorem; manufactures of chip roping, 25 per centum ad valorem. The terms "grass" and "straw" mean these substances in their natural state and not the separated fibers thereof.

The theory upon which the plaintiff's claim was based was that the merchandise consisted of trays as distinguished from baskets, and that they were composed in chief value of one of the substances enumerated in paragraph 1537 (a), supra.

At the trial of the issue samples of the merchandise involved were offered and received in evidence as collective exhibit 1. The single witness called to the stand by the plaintiff, who was connected with the importing concern, testified that in his experience articles such as those in issue are sold and billed as trays as distinguished from baskets. However, upon being asked to state the component material of chief value in collective exhibit 1, he stated that it was bamboo. .

As bamboo is not one of the substances enumerated in paragraph 1537 (a), supra, under which claim was made in the protest, counsel for the plaintiff admitted in the brief filed in its behalf that "plaintiff has failed to present a proper claim." It is urged, however, that notwithstanding the fact that the court cannot therefore grant relief to the plaintiff, the court should consider the question of whether the articles in issue are in fact baskets, and, presumably, announce its conclusion thereon.

In the brief filed on behalf of the defendant, such action on the part of the court is vigorously opposed, it being contended that the question of whether or not the collector's classification of the merchandise as baskets was correct became moot upon the admission of failure on the part of the plaintiff to present a proper claim.

Our view coincides with that of counsel for the defendant. While it is true that an opinion as to the correctness of the classification of the articles at bar might be of some assistance to litigants in the conduct of future cases on the same subject, nevertheless it is not the duty of this court to decide questions which cannot affect the result of the controversy before it. See C. J. Tower & Sons et al. v. United States, 20 C. C. P. A. 364, T. D. 46131, and cases therein cited.

On the record presented, the protest is therefore overruled, and judgment will issue accordingly.